Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50032 | **DATE** | 11/17/2004 |
| **CASE TITLE** | SHAW vs. SCHWINFURTH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, the Skipper Defendants' motion for summary judgment is granted. Skippers Shipper, Inc. is stricken as a defendant. Kaos Unlimited, Inc., Krista S. Stotz, Bernard M. Stotz and Kayla Harper are dismissed as defendants in this case. This order is not final and appealable and no judgment shall enter until all claims involving all parties have been adjudicated. See Fed. R. Civ. P. 54 (b).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 11-18-04 date docketed | 60 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11-17-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Rodney A. Shaw, brings his third-amended complaint against defendants, Schweinfurth Transfer, Inc. ("Schweinfurth"), Manuel R. Miller, James L. Grier, Skippers Shipper, Inc.("Skippers")[1], Kaos Unlimited, Inc.(Kaos), Kayla Harper, Bernard M. Stotz("Bernard") and Krista S. Stotz("Krista") for injuries arising out of a traffic accident. Plaintiff is a citizen of Illinois. Miller is a citizen of Iowa. Grier, Harper, Bernard and Krista are citizens of Florida. Schweinfurth is an Iowa corporation with its principal place of business in Iowa. Kaos is Florida corporation with their principal place of business in Florida. The amount in controversy exceeds $75,000. The court has diversity of citizenship jurisdiction. 28 U.S.C. § 1332 (a) (1). Kaos, Krista, Bernard, and Harper ( collectively, "Skipper Defendants") move for summary judgment. Plaintiff has not filed a response to the Skipper Defendants' LR 56.1 (a) statement of undisputed material facts nor a brief in opposition. The facts set forth by the Skipper Defendants are, therefore, deemed admitted. LR 56.1 (b) (3) (B).

According to the facts deemed admitted, Grier was self-employed, doing business as Reliable Flag Car Escourt. He was certified to perform escort services for oversized vehicles by the State of Florida. His training was designed to qualify him to provide such services nationwide. Kaos contracted with Grier to provide escort services for a Kaos truck hauling a boat from Florida to Minnesota. Kaos had no control over Grier's performance of this service. Grier billed Kaos for the service he provided at the completion of the job. During the trip, Grier, driving the lead escort vehicle (which was owned by Grier), determined that a portion of the route designated by the Illinois Department of Transportation to be followed was closed due to construction. Grier instructed the driver of the truck hauling the boat and the driver of the trailing escort vehicle to pull off the road until a new route could be established. Grier received a suggestion from an unknown individual via CB radio on a possible route which included use of Interstate 90 ("I-90"). Grier led the hauling vehicle to I-90 and they proceeded northbound on I-90 passing under the Prairie Hill overpass.. A state police officer approached the scene and advised the boat would not fit under an upcoming overpass. The hauling vehicle and trailing escort vehicle pulled to the side of northbound I-90. Grier proceeded to an emergency turn-around and returned southbound on I-90. He proceeded to the Prairie Hill overpass on the southbound side of I-90 and slowed his vehicle to measure whether the boat would fit under it when he became aware of the collision which is the subject of this suit occurring behind him between a tractor-trailer and a pickup truck.

Plaintiff's claim against the Skipper defendants is premised completely on the alleged negligence of Grier while acting in the course of his employment as an employee of the Skipper Defendants or as an agent under the control of the Skipper Defendants. The facts show Grier was not an employee of the Skipper Defendants nor an agent under their control. He was an independent contractor. Under Illinois law, which no one disputes applies, a person who contracts with an independent contractor is not liable for the independent contractor's acts or omissions unless he retains the control of part of the work and the injury is caused by his failure to exercise his control with reasonable care. See Rangel v. Brookhaven Constructors, Inc., 719 N.E.2d 174, 179 (Ill.App. 1999) appeal denied, 724 N.E.2d . 1274 (Ill. 2000). The record contains no evidence the Skipper Defendants retained any control over Grier that could have led to plaintiff's injuries. The evidence shows Grier was in control of the decisions made leading up to and at the time of the collision between the other vehicles. Plaintiff has offered no facts, and because he has not filed a brief in opposition as required by LR 56.1 (b) (2), no argument, to support liability against the Skipper Defendants as an employer of Grier or one who controlled Grier as its agent as pled.

For the foregoing reasons, the Skipper Defendants' motion for summary judgment is granted. Skippers Shipper, Inc. is stricken as a defendant. Kaos Unlimited, Inc., Krista S. Stotz, Bernard M. Stotz and Kayla Harper are dismissed as defendants in this case. This order is not final and appealable and no judgment shall enter until all claims involving all parties have been adjudicated. See Fed. R. Civ. P. 54 (b).

---

[1] Skippers is not actually a separate corporation but a name under which Kaos does business. LR 56.1 (a) ¶ 7.